USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAXIE LEAK and KEVIN WILLIAMS,

                              Plaintiffs,

   -v-

DORA SCHRIRO, et al.

                              Defendants.
------------------------------------------------------------------X

11 Civ. 8023 (PAE) (JCF)
12 Civ. 0618 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    Before the Court is the February 20, 2013 Report and Recommendation of Hon. James C. Francis IV, United States Magistrate Judge, that the Court dismiss plaintiffs' complaints for failure to state a claim (the "Report"). For the reasons that follow, the Court adopts the Report in full, and dismisses the complaints.

I.    **Background**

    Leak and Williams, both plaintiffs *pro se*, bring similar lawsuits pursuant to 42 U.S.C. § 1983 against Correction Commissioner Dora B. Schriro and Mayor Michael Bloomberg. Williams also names Dr. Benjamin Chu as a defendant. The plaintiffs, who were or are inmates or detainees in the custody of the New York City Department of Correction on Rikers Island ("AMKC"), allege violations of their Eighth Amendment rights and seek injunctive relief as well as compensatory and punitive damages. They primarily allege that they have not been provided with proper beds—that is, that the beds assigned to them are too short, too thin, or otherwise uncomfortable. *See* Report 2–3 (summarizing claims).

Defendants moved to dismiss the complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* No. 11 Civ. 8023, at Dkt. 29; No. 12 Civ. 0618, at Dkt. 13. Neither plaintiff opposed the motion to dismiss. On February 20, 2013, Judge Francis issued the Report, recommending that the City's request to dismiss the case be granted. The deadline for the parties to file objections to the Report was March 6, 2013. Neither plaintiff filed objections. Defendants filed their objections on March 11, 2013. *See* No. 11 Civ. 8023, at Dkt. 65; No. 12 Civ. 0618, at Dkt. 33 ("Def. Objections").

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Defendants object to the portion of the Report which declines to dismiss the complaints for failure to exhaust their administrative remedies. In particular, they seek dismissal on exhaustion grounds, rather than based on plaintiffs' failure to state a claim. Specifically, they argue that because plaintiffs used form civil rights complaints which asked them to describe the steps they took to appeal an initial grievance, it is appropriate to dismiss those complaints that did not expressly state that they had reached, and been denied at, the highest level of administrative review. Def. Objections 3–5. This would result in both plaintiffs' complaints being dismissed on exhaustion grounds.

2

The Court leaves undisturbed Judge Francis's ruling on this subject. In light of Judge Francis's convincing decision resolving this case based on plaintiffs' failure to state a claim, there is no need for this Court now to address this separate asserted deficiency (failure to exhaust administrative remedies) in plaintiffs' complaints which the defendants identify. On the contrary, the interest in judicial economy counsels against this Court's reaching this issue, particularly given that plaintiffs have not objected to Judge Francis's recommendation that the case be dismissed on other grounds. In the event, however, that any plaintiff files an amended complaint, defendants are free, of course, to argue, *inter alia*, that those complaints have not adequately pled exhaustion. Defendants' objections should further serve to alert, or remind, plaintiffs that exhaustion at the highest level of the grievance process is required.

Neither plaintiff has proffered objections, and thus a review for clear error is appropriate as to the remainder of the Report. Careful review of the Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report at 8, Daughtrey's failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. Leak and Williams's complaints are hereby dismissed with leave to file an amended complaint. The Clerk of Court is directed to terminate any motion to dismiss pending in the cases listed above, and to close both cases. The cases may be reopened without prejudice if a plaintiff files an amended complaint within 45 days.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 26, 2013
      New York, New York